Herman Passavant, Respondent, v. David Gutlohn and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.

Louis F. Martin and Others, Respondents, v. Eliza J. Adams and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.

Carroll L. Riker, Respondent, v. Robert G. Dun and Others, Appellants.—Order affirmed, with ten dollars costs and disbursements.

Alfred H. Smith and Others, Respondents, v. Adolph Bernhard and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.—
PER CURIAM: There is nothing in the cause of action alleged in the complaint showing the necessity for an examination of the books. The order should be reversed, with ten dol-lars costs and disbursements, and motion denied, with ten dollars costs. Present— Van Brunt, P. J., and Follett, J.

Julius Imgard, Respondent, v. Walter B. Duffy, Appellant.— Order affirmed, with ten dollars costs and disbursements.

Theodore Conkling and Others v. Lissie H. Zerega.— Motion denied.

Mary A. Browne, Appellant, v. John M. Baker and Others, Respondents.— Motion to dismiss appeal granted, with ten dollars costs.

In the Matter of the Probate of the Will of Augustus Zerega.— Order affirmed, without costs. No opinion.

In the Matter of the Broadway and Seventh Avenue R. R. Co. and Others for the Appoint-ment of Commissioners.— Motion granted.

Michael Dilworth, Appellant, v. The Mayor, etc., Respondent.— Judgment affirmed, with costs. No opinion.

## FIRST DEPARTMENT, MARCH TERM, 1894.

People of the State of New York, Respondent, v. Henry Gillette, Appellant.— Judgment re-versed and new trial granted.—

FOLLETT, J.: The defendant was jointly in-dicted with Charles C. Burt and charged with having stolen, on the 26th of May, 1893, with force and arms, a bracelet of the value of $300 and a finger ring of the value of $150, the property of the Charity Organization, a domestic corporation. The defendant de-manded and received a separate trial and was found guilty. On the date mentioned, the Charity Organization occupied rooms on the third floor of No. 105 East Twenty-second street in the city of New York. At this time the organization had at its rooms on exhibi-tion and for sale a collection of pottery, vases, crockery, antique jewelry and other articles called the Holly collection. On the day in question, a lady was in charge of the room and the articles therein from about noon until four o'clock in the afternoon when she went home, and the room and its contents were left in the charge of her sister, who continued in control until about six o'clock in the afternoon, the hour for closing, when, as she was placing the jewelry in the safe, she noticed that the bracelet and ring were gone, and she immediately informed the sec-retary of the society. Shortly after three o'clock in the afternoon, the defendant and Burt entered the room together, examined the pottery and were shown the bracelet and ring. They remained in the room from seven to fifteen minutes and then left without hav-ing purchased anything, and walked rapidly through the hall, as one of the witnesses tes-tified. In June (the date not appearing) Gil-lette and Burt were arrested and taken to the police headquarters, and then to a photog-rapher, and while in his rooms the defendant attempted to escape. The bracelet and ring were never found nor traced to the possession of Gillette or Burt. The fact of the most probative force which tends to criminate the defendant is his attempt to escape, but this is hardly sufficient to justify the conviction under the circumstances of this case. Be-tween the time when the defendant entered the room and when it was closed, two painters were employed therein and two or three per-sons entered and left, but the two sisters tes-tified that the jewelry was not again removed from the cases in which it was kept. With-out entering into a minute analysis of the testimony, we are of the opinion that it is in-sufficient to justify a conviction, and that unless further incriminating facts can be proved, the defendant should be discharged. The judgment should be reversed and a new trial granted. Van Brunt, P. J., and O'Brien, J., concurred.

Joseph Wallach, Appellant, v. Sarah H. Van Schaick, Respondent.— Judgment affirmed, with costs.—
PER CURIAM: This case has not been settled as provided by section 997 of the Code of Civil Procedure, and the certificate of the clerk is insufficient, and as we cannot pass upon the questions sought to be reviewed upon this record the judgment must be affirmed, with costs. Present— Van Brunt, P. J., O'Brien and Follett, JJ.

Maud E. S. Depierris, Appellant, v. Henry B. Slavin and Others, Respondents.— Order af-firmed, with ten dollars costs and disburse-ments.—
PER CURIAM: We think that there are sub-jects of examination pertinent to the cause of action alleged which do not necessarily tend to establish the commission of any criminal offense upon the part of the defend-ants, and for that reason, there being no other question submitted to us, the order should be affirmed. (Davies v. Fish, 35 Hun, 430.) The order must be affirmed, with ten dollars costs and disbursements. Present— Van Brunt, P. J., O'Brien and Follett, JJ.

Manufacturers' National Bank of New York, Respondent, v. Hezekiah F. Lord and An-other, Appellants.— Judgment affirmed, with costs.

American Exchange National Bank, Respond-ent, v. John H. Cheever, Appellant.— Judg-ment affirmed, with costs.

Continental Insurance Company, Respondent, v. Phoenix Insurance Company of Brook-lyn, Appellant.— Judgment affirmed, with costs.

Matilda C. Jantzen, Individually and as Ex-ecutrix, etc., Respondent, v. Helen J. Nelson and Others, Appellants.— Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.—
FOLLETT, J.: On the 22d of October, 1885, the plaintiff executed to Nathaniel S. Smith a bond and mortgage to secure the payment of $1,700 on the 20th of October, 1886, with in-terest at the rate of six per cent per annum, payable semi-annually. The mortgage cov-ered the lot at the northeast corner of Second avenue and Sixth street. The mortgagor executed a statement which was annexed to

76  611
149a  610

76  611
148a  759